OPINION
DANIEL A. RAAS, Chief Justice.
BACKGROUND AND PROCEDURAL HISTORY
Monique Moses, a member of the Tuial-ip Tribes, and Matthew Fleek, a non-Indian, met while they were serving together in the Marine Corps, married, had a child, and dissolved the marriage in the Tuialip Tribal Court in 2013. A parenting plan was entered as part of the dissolution. However, on July 1, 2014, Appellee Moses (“Appellee”) sought and obtained an ex parte Temporary Order of Protection against Appellant Fleek (“Appellant”).
There were problems with service of the Temporary Protection Order and, after four hearings relating to jurisdiction of the Tribal Court and other matters, a hearing on the merits was held on August 13, 2014. At that hearing, the trial judge began by announcing that a Protection Order would be issued against Appellant containing most of the provisions of the Temporary Protection Order. The trial judge then *427 proceeded to discuss the terms of this Protection Order with the parties, and the final Protection Order issued by the court contained additional provisions allowing the Appellant to own and possess firearms so that he could fulfill the requirements of his service in the Marine Corps Reserve. Neither at that hearing, nor at any of the prior hearings, was live testimony of any witness adduced, nor was any witness subject to cross examination. Neither did the trial judge enter written findings of fact, although his oral discussion referred to certain “facts” that he concluded from the declarations, affidavits and argument adduced during the hearings.
Appellant timely appealed.
STANDARD OF REVIEW
Findings of fact are to be sustained unless clearly erroneous. TTC 2.20.090(1). Since there were no written findings of fact, review of the trial court’s findings of fact is difficult, at best. See TTC 2.10.160(1). Conclusions of Law are reviewed de novo, giving no deference to the trial court. TTC 2.20.090(4).
DISCUSSION
Issuance of a Domestic Violence Protection Order is governed by TTC 4.25.500. Promptly after a Petition for a Protection Order is filed, the court is directed to issue an ex parte Temporary Protection Order if it finds that the requirements of TTC 4.25.500(1) are met. A Temporary Protection Order in this matter was issued on July 1, 2014. The court is also required to set a hearing to be held within 14 days of the Temporary Protection Order in order to determine whether the ex parte Order should be made permanent, modified or dismissed. TTC 4.25.500(4). While such a hearing was timely scheduled, it was not held until August 13, 2014. The form and procedure of such a hearing are not set out in. TTC 4.25, Domestic Violence, so the Civil Rules of Tribal Court, TTC 2.10, apply. In particular, TTC 2.10.150(4) is applicable here: “(4) Testimony. In all trials, the testimony of witnesses shall be taken orally in Court, unless otherwise provided by rule or statute.”
The record in this case does not demonstrate that the testimony of any witness was taken orally. Indeed, counsel for the Appellee agreed in oral argument before this Court that one of the critical findings necessary to support the issuance of a Domestic Violence Protective Order—that there is the “infliction of the fear of imminent physical harm”, TTC 4.25,100(1), see TTC 4.25.470 (“. .. to prevent further violence”)—was supported only by the affidavits filed in order to obtain the Temporary Protection Order of July 1, 2014. As another example, the trial court relied upon a police report that concluded that the Appellant exercised a “continuation of power and control” over the Appellee. The officer did not testify.
The lack of explicit written or oral findings of fact regarding all of the statutory elements constituting the elements of domestic violence needed to support an Order for Protection—Domestic Violence, see, e.g. TTC 4.25.100(1), (11), and (29), and TTC 4.25.490(1), makes meaningful appellate review of the Trial Court’s Permanent Protection Order impossible under any standard. In re: Custody of Aaliyah McLean-McNabb, 13 NICS App. 1, 3-4, — Am. Tribal Law — (2015).
The failure to hold a hearing at which the Appellant and Appellee had the opportunity to examine and cross-examine witnesses requires that the Order for Protection (Domestic Violence) issued August 13, 2014, be vacated and this matter be remanded to the trial court for further proceedings. The failure to make statutorily *428 required findings of fact supported by proper evidence is an independent basis upon which to vacate the August 13, 2014, Protection Order, However, vacating the August 13, 2014, Protective Order would reinstate the Temporary Protective Order of July 1, 2014, which does not contain the provisions permitting Appellant to comply with the requirements of serving in the Marine Corps Reserve. Since the Appel-lee has agreed that allowing Appellant to have firearms to allow him to comply with Marine Corps Reserve requirements is appropriate, that part of the August 13, 2014, Protection Order shall be included as part of the reinstated Temporary Protection Order.
CONCLUSION
It is hereby ordered that:
1. The Order of Protection—Domestic Violence entered August 13, 2014, is hereby vacated,
2, This matter is remanded to the trial court to hold a hearing at which oral testimony shall be taken, and the other provisions of the Tulalip Tribal Code governing trials, including findings of fact on statutorily required elements, shall be implemented.
3. The initial hearing on remand shall be held within 14 days of receipt of this Opinion by the trial court, TTC 4.25.500(4), however, the hearing may be continued in the interests of justice so long as it is scheduled as soon as possible.
4. The Temporary Protective Order issued on July 1, 2014 is reinstated, with this language included: “This is not an order prohibiting Matthew Fleek from possessing a firearm. This is not an order which would render Matthew Fleek subject to 18 U.S.C. 922(d)(8) or (9).” [1]
It is so ordered.
JOHN C. SLEDD and JANE M. SMITH, Justices.

. 18 U.S.C, 922(d) states in relevant part:
It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person—
(8) is subject to a court order that restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child, except that this paragraph shall only apply to a court order that—
(A) was issued after a hearing of which such person received actual notice, and at which such person had the opportunity to participate: and
(B)
(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child: or
(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or
(9) has been convicted in any court of a misdemeanor crime of domestic violence.